# In the United States Court of Federal Claims

No. 24-734
Filed: December 11, 2024

```
*****************************************
PATRICK TYSON,                          *
                                        *
                    Plaintiff,          *
                                        *
v.                                      *
                                        *
UNITED STATES,                          *
                                        *
                    Defendant.          *
*****************************************
```

*Patrick Tyson*, Celina, TX, *pro se*.

*Laurel Don Havens*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

**OPINION AND ORDER**

**Dietz, Judge.**

      *Pro se* plaintiff, Patrick Tyson, claims that the Department of Veterans Affairs ("VA") failed to grant him a variety of disability and retirement benefits. He also claims entitlement to Combat Retired Pay ("CRDP")[1] and Combat-Related Special Compensation ("CRSC").[2] The government moves to dismiss Mr. Tyson's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6). For the reasons stated below, the Court **GRANTS** the government's motion to dismiss.

**I.    BACKGROUND**

      Patrick Tyson is a Gulf War veteran, who served in the Navy from 1988 to 1992, and in the Individual Navy Reserves from 1992 to 1996. Compl. [ECF 1] at 2;[3] Def.'s Mot. to Dismiss

---

[1] CRDP permits "concurrent receipt" of military retired pay from the Department of Defense ("DoD") and disability payments from the VA. *Hutchinson v. United States*, 168 Fed. Cl. 504, 519 (2023), *recons. denied*, 171 Fed. Cl. 570 (2024); *see* 10 U.S.C. § 1414.

[2] CRSC is a program that grants additional compensation to "retired veterans who establish that their disability is attributable to a combat-related event." *Soto v. United States*, 92 F.4th 1094, 1096 (Fed. Cir. 2024); *see* 10 U.S.C. § 1413a.

[3] All page numbers in the parties' briefs refer to the page numbers generated by the CM/ECF system.

[ECF 17] at 1. Mr. Tyson applied for and received service-connected disability benefits with a 100% disability rating for a total and permanent disability, effective February 19, 2008. [ECF 1] at 2; [ECF 17] at 1. On March 6, 2023, the Veterans Benefits Administration Regional Office granted Mr. Tyson special monthly compensation based on Housebound Status or Permanent Need for Regular Aid and Attendance, effective February 17, 2023. Pl.'s Resp. [ECF 18] at 21-22.

On May 8, 2024, Mr. Tyson filed the instant complaint alleging that the VA provided him with basic compensation but failed to assess a higher monthly compensation rate for "wartime Total disability, Housebound, Special Aid and Attendance, [CRDP, and CRSC]." [ECF 1] at 2. Mr. Tyson claims that the higher monthly compensation rate for his housebound status "should have been automatically assessed when evidence showed an increase in the service connected disability" in 2008—the date of his original grant of service-connected disability benefits. [ECF 1] at 2; *see also* [ECF 18] at 3. Mr. Tyson further claims that he is entitled to "disability retirement pay, commonly referred to as a Chapter 61 retirement in the form of CRDP," [ECF 18] at 4, as well as CRSC and various other "statutory and regulatory entitlements," [ECF 1] at 2; *see also* [ECF 18] at 3-5.

On July 25, 2024, the government filed a motion to dismiss Mr. Tyson's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6). [ECF 17]. The motion is fully briefed. *See* [ECF 18]; Def.'s Reply [ECF 19].

## II.     LEGAL STANDARDS OF REVIEW

A motion to dismiss for lack of subject-matter jurisdiction challenges "a court's general power to adjudicate in specific areas of substantive law," *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999), and a motion to dismiss for failure to state a claim upon which relief may be granted asks "whether in a specific case a court is able to exercise its general power with regard to the facts peculiar to the specific claim," *id.* When the government moves to dismiss a complaint under RCFC 12(b)(1), the plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *Tolliver Grp., Inc. v. United States*, 20 F.4th 771, 775 (Fed. Cir. 2021). When considering such a motion, the court "must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor." *Cal. Dep't of Water Res. v. United States*, 128 Fed. Cl. 603, 609 (2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the "court accepts only uncontroverted factual allegations as true for purposes of the motion." *U.S. Enrichment Corp. v. United States*, 121 Fed. Cl. 532, 534 (2015) (quoting *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014)). "The Court may look to evidence outside of the pleadings in order to ascertain the propriety of its exercise of jurisdiction over a case." *HEALTHeSTATE, LLC v. United States*, 146 Fed. Cl. 681, 684 (2020). "[D]isputed facts outside the pleadings are subject to the fact finding of the court." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993)). "Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter." *Sandstone Assocs., Inc. v. United States*, 146 Fed. Cl. 109, 112 (2019) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). If the court determines that it lacks

subject-matter jurisdiction, it must dismiss the case. RCFC 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

To survive a motion to dismiss under RCFC 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*; *see also Twombly*, 550 U.S. at 555 (requiring a pleading to offer "more than labels and conclusions"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, a plaintiff must plead sufficient factual matter to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. The court must also draw all reasonable inferences in favor of the non-moving party. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001).

"Pleadings from *pro se* plaintiffs are held to a more lenient standard than pleadings drafted by lawyers." *Thomas v. United States,* 155 Fed. Cl. 772, 775 (2021) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). However, the court does not construe its jurisdictional requirements liberally, and "the court is allowed no discretion to bend the requirements of jurisdiction in [a *pro se* plaintiff's] favor." *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012).

### III.   ANALYSIS

The government argues that this Court lacks jurisdiction to hear claims for denial of veteran benefits and that, therefore, the Court should dismiss Mr. Tyson's veteran benefits claims for lack of jurisdiction. [ECF 17] at 1. The government also argues that the Court should dismiss Mr. Tyson's claims for CRSC and CRDP for failure to state a claim upon which relief may be granted because Mr. Tyson has not alleged his retiree status, as required to receive such statutory entitlements. *Id.* at 4. As explained below, the Court agrees with the government.

#### A.   The Government's Motion to Dismiss Pursuant to RCFC 12(b)(1)

This Court has limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *see also Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). The Tucker Act grants this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act, however, is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). To establish subject-matter jurisdiction in this Court, a plaintiff must identify a "substantive right created by some money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Thomas,* 155 Fed. Cl. at 775-76 (internal quotation marks omitted). However, even if a plaintiff identifies a money-mandating statute, there still may exist a jurisdictional issue that precludes this Court from exercising its authority over a claim. *See Bargsley v. United States*, 120 Fed. Cl.

619, 631 (2015). Namely, where a "'specific and comprehensive scheme for administrative and judicial review' is provided by Congress, the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted." *Id.* at 630 (quoting *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)).

The Veterans' Judicial Review Act ("VJRA") of 1988 establishes one such scheme that preempts Tucker Act jurisdiction. *El Malik v. United States*, 170 Fed. Cl. 590, 594-95 (2024); *see also Kalick v. United States*, 541 F. App'x 1000, 1001 (Fed. Cir. 2013). Under the VJRA, a decision regarding the award of veteran benefits shall be made by the Secretary of the VA, and "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511. "A challenge to a VA decision on veterans' benefits must be made at the Board of Veterans' Appeals, and those decisions are appealable only to the Court of Appeals for Veterans Claims and then the Federal Circuit, not to the Court of Federal Claims." *El Malik*, 170 Fed. Cl. at 594-95 (citing *Kalick*, 541 F. App'x at 1001); *see also Davis v. United States*, 36 Fed. Cl. 556, 559 (1996) (stating that under the VJRA "the exclusive remedy for the denial of veterans' benefits is to appeal to the Court of Veterans Appeals" and that "[j]urisdiction for appeals from the Court of Veterans Appeals lies exclusively in the United Court of Appeals for the Federal Circuit"). Consequently, this Court does not have the authority to hear claims for veteran disability benefits and related entitlements. *See Hickman v. United States*, 122 Fed. Cl. 645, 650 (2015); *Trevino v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014).

Mr. Tyson's claims primarily relate to service-connected disability benefits administered by the VA. [ECF 1] at 2. For instance, he alleges that the VA failed to grant him higher Special Monthly Compensation, disability housing grants, automobile allowance and adaptive equipment grants, Servicemembers' Group Life Insurance Traumatic Injury Protection ("TSGLI") payments, the Veteran Readiness and Employment Program's Independent Living Program services, Service-Disabled Veterans Life Insurance, education benefits, a pension, and the participation of his spouse in the Program of Comprehensive Assistance for Family Caregivers. *Id*. Mr. Tyson also alleges that the VA deprived him and his spouse of the ability to "access[] or convert" their TSGLI and Family Servicemembers' Group Life Insurance policies. *Id.* However, because such benefits are administered by the VA and governed by VA statutes and regulations, they fall under statutory schemes that preempt Tucker Act jurisdiction. *See El Malik*, 170 Fed. Cl. at 594-95. As a result, Mr. Tyson's veteran benefit claims fall outside of this Court's jurisdiction and must be dismissed.[4]

---

[4] Mr. Tyson argues that "disability pay claims are not benefit cases but are bi-products of resolved benefit cases," [ECF 18] at 6, and that "[o]nce these cases are resolved such as in [his] case with an assigned rating . . . the statutory entitlements under that rating become bi-product, which in this case is money-owed and or money-mandating claims," *id*. The Court is not persuaded. The entitlements referenced by Mr. Tyson—even if they were to flow from his assigned rating—fall within the VA's "specific and comprehensive" statutory scheme, which preempts Tucker Act jurisdiction. *See El Malik*, 170 Fed. Cl. at 594-96 (holding that this Court cannot "determine whether the VA acted properly in handling [the veteran's] requests for benefits" because such a claim "must be handled through the VA appeals process").

### B.      The Government's Motion to Dismiss Pursuant to RCFC 12(b)(6)

Mr. Tyson also alleges entitlements to CRSC and CRDP, [ECF 1] at 2, both of which are administered by the DoD rather than the VA, *see Staten v. United States*, No. 22-732, 2023 WL 28987, at *3 (Fed. Cl. Jan. 3, 2023) ("military disability pay claims are distinct from claims for benefits administered by the VA"); *Martin v. United States*, 133 Fed. Cl. 248, 251-52 (2017) (CRSC eligibility is determined by the DoD); *Haddock v. United States*, 135 Fed. Cl. 82, 84 (2017) (the CRDP program is administered by the DoD). Thus, claims regarding CRSC and CRDP do not fall under the VA's comprehensive scheme for review and are within this Court's subject-matter jurisdiction. *See Adams v. United States*, 126 Fed. Cl. 645, 656 (2016) (holding that 10 U.S.C. § 1413a is a money mandating statute), *aff'd*, 696 F. App'x 511 (Fed. Cir. 2017); *Wheless v. United States*, 173 Fed. Cl. 215, 218 (2024) (finding that 10 U.S.C. § 1414 is a money-mandating statute). However, a veteran must be a military retiree to be entitled to CRSC or CRDP. For CRSC, a veteran must demonstrate that he is "entitled to *retired* pay" and "has a combat-related disability." *Strahler v. United States*, 158 Fed. Cl. 584, 588 (2022) (quoting 10 U.S.C. § 1413a(c)(1) (emphasis added)). Additionally, for CRDP, a veteran must be entitled to "*retired* pay" and "veterans' disability compensation for a qualifying service-connected disability." 10 U.S.C. § 1414(a)(1) (emphasis added); *see also Hutchinson v. United States*, 168 Fed. Cl. 504, 519 (2023), *recons. denied*, 171 Fed Cl. 570 (2024).

Mr. Tyson contends that the VA failed to "automatically assess[]" CRSC and CRDP after finding that he had a service-connected disability. [ECF 1] at 2. However, Mr. Tyson fails to plead his retiree status to demonstrate a plausible entitlement to CRSC and CRDP. *See* [ECFs 1, 18]. Mr. Tyson also fails to dispute the government's contention that he is not a retiree. While the government provided Mr. Tyson's "Certificate of Release or Discharge from Active Duty," which indicates that he was honorably released from active duty, and a letter from the U.S. Navy CRSC Board, which indicates that Mr. Tyson "does not have a retired pay account at [Defense Finance and Accounting Services ('DFAS')] Cleveland," [ECF 17] at 4, 10, Mr. Tyson fails to provide any statement or other evidence showing his retiree status.[5] Thus, Mr. Tyson has failed to plead his retiree status—a precondition to claiming CRSC or CRDP.

Mr. Tyson further contends that CRSC payments "cannot be adequately added until . . . [DFAS] correctly initiate[s] and assess[es his] Chapter 61 disability retirement pay or []CRDP." [ECF 18] at 5. However, military disability status, retirement pay decisions, and general corrections to military records are entrusted to the Secretary of the service member's military department, who delegates authority to specific military boards. *See Pope v. United States,* 77 Fed. Cl. 737, 741-42 (2007); *Janaskie v. United States*, 77 Fed. Cl. 654, 658 (2007); *see also* 10 U.S.C. § 1201(a). Therefore, DFAS does not have the authority to determine retiree status or entitlement to retirement pay. Furthermore, the Court "has no jurisdiction over disability retirement claims until a military board evaluates a service member's entitlement to such

---

[5] In his response, Mr. Tyson directs the Court to "Note Completed Forms and Multiple Request made to DFAS and DOD/NAVY)." [ECF 18] at 5. However, there is no evidence of such submissions. Furthermore, if, as Mr. Tyson implies, the correct authority is in the process of making an initial determination, the Court still lacks jurisdiction to hear his claims for CRSC, CRDP, or other related military retired pay claims because a military board has yet to make an initial evaluation of his entitlement. *See Chambers v. United States*, 417 F.3d 1218, 1225 (Fed. Cir. 2005).

retirement in the first instance." *Chambers v. United States*, 417 F.3d 1218, 1225 (Fed. Cir. 2005). Consequently, even under the "lenient" standard afforded to *pro se* plaintiffs, Mr. Tyson has failed to plead sufficient facts to "allow[] the court to draw the reasonable inference" of his entitlement to CRSC, CRDP or disability retirement pay, *Ashcroft*, 556 U.S. at 663, and the Court must dismiss these claims under RCFC 12(b)(6).[6]

## IV.    CONCLUSION

In sum, the Court finds it lacks subject-matter jurisdiction to hear Mr. Tyson's veteran benefits claims and that Mr. Tyson has failed to sufficiently state a claim for entitlements to CRSC and CRDP. Accordingly, the Court **GRANTS** the government's motion to dismiss, [ECF 17]. The Clerk of the Court is directed to enter judgment consistent with this Opinion and Order.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
Thompson M. Dietz, Judge

---

[6] Mr. Tyson also alleges that the VA "denied and deprived [him] of various benefits that are automatically allotted," including "Direct Hire Authority," and "10-point Veteran Preference in Federal Hiring." [ECF 1] at 2. However, the relevant statute for "Direct-Hire Authority" only provides authority for "agencies to appoint . . . candidates directly to positions." 5 U.S.C. § 3304(a)(3). It does not provide an entitlement to benefits. With respect to Mr. Tyson's veteran preference claim, the Federal Circuit has held that this Court "does not have jurisdiction to grant relief for denial of a veterans' preference" in violation of the Veterans Preference Act. *Turner v. United States*, No. 97-5087, 1997 WL 656965, at *2 (Fed. Cir. Oct. 9, 1997). Finally, Mr. Tyson raises "a claim for money due under the Federal Employment Retirement System (FERS)" in his Response to the government's Motion to Dismiss, [ECF 18] at 4-5, but the Court lacks jurisdiction over FERS claims, *Hasan v. United States*, 171 Fed. Cl. 167, 171 (2024).